UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAROLD HOURIHAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 16-cv-11734-IT |
| | * |
| ROBERT BITINAS, ANDREW | * |
| MCKENNA, PAUL MACDONALD, and | * |
| THE TOWN OF BARNSTABLE, | * |
| MASSACHUSETTS, | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER**

January 24, 2019

Before this case was submitted to the jury, Defendants filed their Motion for Judgment as a Matter of Law at the Close of Plaintiff's Case [#105]. Defendants assert, inter alia, that Plaintiff Harold Hourihan has failed to prove that Defendant Paul MacDonald violated Plaintiff's civil rights by revoking his license to carry a firearm. The court GRANTED the motion as to Defendant MacDonald, notifying the parties that this written order would follow. See Elec. Order [#107].[1]

Pursuant to Rule 50,

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and

---

[1] The motion also asserted that Plaintiff failed to prove that Defendants Robert Bitinas and Andrew McKenna violated Plaintiff's Fourth Amendment rights by conducting an unauthorized search and seizure of Plaintiff's guns, handcuffing him, or causing him to be sent to the hospital. The court did not grant the motion as to Defendants Bitinas and McKenna, allowing the case to be submitted to the jury subject to the court's later deciding the legal questions raised by the motion. See Fed. R. Civ. P. 50(b).

> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. 50(a)(1). "Judgment as a matter of law is only appropriate if the evidence would preclude a reasonable jury from finding in favor of the non-moving party." Barkan v. Dunkin' Donuts, 627 F.3d 34, 39 (1st Cir. 2010). "If instead fair-minded persons could draw different inferences from the evidence presented at trial, the matter is for the jury[.]" Id. (quoting Espada v. Lugo, 312 F.3d 1, 2 (1st Cir. 2002) (alteration in original)).

Plaintiff did not present a legally sufficient evidentiary basis from which a reasonable jury could find that Defendant MacDonald violated Plaintiff's Second Amendment rights by revoking or suspending Plaintiff's license to carry a firearm. Plaintiff's legal theory was based on Defendant MacDonald suspending Plaintiff's license based on a search and seizure of Plaintiff's weapons that violated his rights under the Fourth Amendment. Plaintiff has failed to enter any evidence that Defendant MacDonald revoked or suspended his license. Assuming *arguendo* that Plaintiff had presented such testimony, Plaintiff has failed to present any evidence as to why Defendant MacDonald revoked or suspended his license, let alone that Defendant MacDonald was aware of any state law or constitutional violations by Defendants Bitinas or McKenna at the time Plaintiff's license to carry was suspended or revoked. Without such showings, no reasonable jury could find in favor of Plaintiff as to his surviving claims against Defendant MacDonald under 42 U.S.C. § 1983 or Mass. Gen. Laws ch. 12, § 11H. Accordingly, Defendants' motion is ALLOWED as to the remaining claims against Defendant MacDonald.

For the foregoing reasons, Defendants' Motion for Judgment as a Matter of Law at the Close of Plaintiff's Case [#105] is ALLOWED as to Defendant MacDonald.

IT IS SO ORDERED.

January 24, 2019 /s/ Indira Talwani
United States District Judge